## MARY G. GORMAN, ADMX.
### vs.
## ALICE GORMAN, ET AL.

Superior Court New London County File #10801

Present: Hon. ALLYN L. BROWN, Judge.

| | |
|---|---|
| V. P. A. Quinn, | Attorney for the Plaintiff. |
| A. F. Libby, | Attorney for the Defendant Freidland. |
| G. C. Morgan, | Attorney for Other Defendants. |

## MEMORANDUM FILED MARCH 4, 1935.

BROWN, J. This is an action for partition of the property known as #307 Washington street, in Norwich. It consists of a building with a store at the front and a tenement at the rear on the first floor, another tenement on the second floor, and the lot on which the building stands. It is indisputed that the estate of Henry T. Gorman, deseased, of which the plaintiff is administratrix, owns an undivided one-third of the property in fee, and that the five daughters of said Gorman who are defendants herein, own an undivided two-thirds in fee, all as determined by a judgment of this court dated September 13, 1934 in an earlier action between said parties. All of the parties including the defendants who are claimed owners of incumbrances on the property, are agreed that a partition by sale should be decreed and join in asking for the same. The vital disputed issue in the case as tried, arises under the counterclaim of the defendant Friedland, as to what interest if any he has in the property. By virtue of the lease **Exhibit 1** in evidence.

On September 9, 1933 the five defendants who are daughters of said Gorman, and the defendant Friedland, executed this lease of the store part only of the premises, for the period of six years from March 1, 1933, at the rental of seventy-five dollars per month, providing that Friedland was to pay for the heat and light, and all necessary inside repairs. The Gormans

expressly covenanted in the lease that they "have good right to lease said premises in manner aforesaid, and that they will permit said lessee . . . . to occupy said premises during said term." The lease further provides "The intent hereof is to substitute this lease for a former lease between Henry T. Gorman and said lessee dated March 1, 1930, which is hereby cancelled". It is conceded that Friedland has not forfeited his rights under **Exhibit 1** by any failure to perform on his part.

When **Exhibit 1** was executed on September 9, 1933, the five defendants, lessors therein, apparently believed that they owned full title to the premises #307 Washington Street, by virtue of deed to them dated May 12, 1930 and recorded July 14, 1930. from their father Henry T. Gorman, who died June 2, 1930. The fact was, however as determined by the decision of this court above referred to, that this deed was ineffective for lack of delivery, so that on September 9, 1933 Gorman's estate owned an undivided one-third, and his five daughters an undivided two thirds of the property in fee.

Accordingly **Exhibit 1** failed to accomplish its express purpose of substituting a new lease expiring March 1, 1939 for the old, expiring March 1, 1935, no representative of Henry T. Gorman's estate being a party to the former instrument. Nor does the evidence disclose the knowledge or acts upon the part of the plaintiff, essential to make it binding upon her upon principles of estoppel as contended by the defendant Friedland. Therefore, Friedland's occupancy of the store from September 9, 1933 to March 1, 1935 was under the original lease from Henry T. Gorman of March 1, 1930, not under the lease **Exhibit 1** of September 9, 1933. While Friedland under this instrument failed to acquire a leasehold estate as the parties to it intended, he has acquired a right of action for damages for breach of covenant against the five daughters who were the lessors therein. Pursuant to paragraph 2 of the defendant Friedland's prayers for relief on his counterclaim, the amount of his damage so sustained remains to be determined.

The burden rests upon the defendant Friedland to prove what this damage is. Two elements are claimed; expenditures for repairs and improvements made in reliance upon the extended term contracted for: and the value of the lease for the four additional years beyond March 1, 1935. The claimant's evidence as to the former is that he expended $444. for fixtures, $100. for electric lights, and $100. for painting. The witness Murphy testified that in June, 1934 the fixtures were

worth $700.00. **Exhibit A,** the lease to Friedland of March 1, 1930, provides that he is to make all necessary "inside repairs". Whether the electric lights installed, properly fall under the head of fixtures or repairs, I am satisfied that the claimant is not entitled to recover for the first element of damage above, for I find these tenant fixtures are still worth all he paid for them, and that any other expenditure under the items stated comprised "inside repairs". The second element is to be determined by the loss of potential net profit to the claimant. Upon all the evidence I find that $200. per week would be the average gross business during the four years' period, and that 20% or $40. would be the average gross weekly profit thereon, or $2080 per year.

I find that the following would constitute the average monthly expense: rent $75., electricity $13., wages including cash paid son, and allowance for services of minor daughter obviating the necessity of the claimant's spending his own time in the store $60.; taxes, repairs, and other incidentals $12 a total; of $160.00, or $1930 per year. This gives a net profit of $160. per year, or $640.00 for the four year period. I find the value of the lease is $640. for the period in question, and that the defendant Friedland is entitled to recover of the four defendants Gorman and the defendant Bellows this amount upon his counterclaim.

The issue as to breach of covenant above discussed was thoroughly contested at the trial but to properly support a judgment on the counterclaim, the allegations should be made specific. The pleadings are hereby ordered amended by adding to the counterclaim:

"6. By the lease described in paragraph 1 hereof the lessors covenanted that they had good right to lease said premises and to permit the lessee to occupy during said term. Though this defendant has duly performed all covenants upon his part, said covenant has been breached by the lessors, to his damages."

—and by adding to the answers thereto of the other parties:

"Paragraph '6' is denied."

A decree may be prepared ordering a partition by sale, with such terms as to date of sale, committee to sell, etc., as may be determined by a conference between counsel and the court, and providing further for judgment for $640. for the defendant Friedland as hereinbefore set forth, declaring the same to be a lien upon the interest and share of the four defendants Gorman and the defendant Bellows.